1  LIONEL Z. GLANCY (#134180)
2  MICHAEL GOLDBERG (#188669)
   GLANCY BINKOW & GOLDBERG LLP
3  1801 Avenue of the Stars, Suite 311
4  Los Angeles, California 90067
   Telephone:  (310) 201-9150
5  Facsimile:  (310) 201-9160
6  Email:      info@glancylaw.com

7  Counsel for Movant Edward S. Gutman
8
9  [Additional Counsel on Signature Page]

10          **UNITED STATES DISTRICT COURT**
11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13  JAMES ROSE, Individually And On          Case No. CV11-03701 DMG
14  Behalf Of All Others Similarly Situated,   (MRWx)

15                              Plaintiff,

16      vs.                                  **MEMORANDUM IN**
                                             **SUPPORT OF EDWARD**
17                                           **GUTMAN'S MOTION TO BE**
18                                           **APPOINTED LEAD**
                                             **PLAINTIFF AND FOR**
19                                           **APPROVAL OF LEAD**
20  DEER CONSUMER PRODUCTS,                   **PLAINTIFF'S CHOICE OF**
    INC., YING HE, YUEHUA XIA,               **LEAD COUNSEL**
21  ZONGSHU NIE, EDWARD HUA,
    ARNOLD STALOFF, QI HUA XU,
22  YONGMEI WANG, MAN WAI                     Date:  August 1, 2011
23  JAMES CHIU, AND WALTER ZHAO,             Time:  9:30 a.m.
                                             Judge:  Honorable Dolly M. Gee
24                              Defendants.  Ctrm:  7- Spring St.

25

26

27

28

MEMORANDUM IN SUPPORT OF EDWARD GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR
APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ......................................................................................... 1

I.     FACTUAL BACKGROUND ................................................................. 2

II.    PROCEDURAL HISTORY ................................................................... 3

III.   ARGUMENT........................................................................................ 3

      A.    The Movant Should Be Appointed Lead Plaintiff.............................. 3

          1.  The Procedures Required By The PSLRA....................................... 3

          2.  The Movant Has Complied With The PSLRA ................................. 4

          3.  The Movant Has The Largest Financial Interest
             In The Action .............................................................................. 5

          4.  The Movant Otherwise Satisfies Rule 23 ...................................... 6

             (a) The Claims Of The Movant Are Typical Of The Claims
                 Of The Class........................................................................ 6

             (b) The Movant Will Adequately Represent The Interests
                 Of The Class........................................................................ 7

      C.    This Court Should Approve The Movant's Choice of Lead Counsel .. 8

IV.   CONCLUSION ................................................................................... 8

# TABLE OF AUTHORITIES

| Case | Page |
|---|---|

*Schlagal v. Learning Tree Int'l.,*
   1999 WL 672306 (C.D. Cal. Feb. 23, 1999) .......................................................4

*Slaven v. BP America, Inc.,*
   190 F.R.D. 649 (C.D. Cal. 2000) ............................................................4, 5

*Takeda v. Turbodyne Techs. Inc.,*
   67 F. Supp. 2d 1129 (C.D. Cal. 1999)....................................................5

**Statutes**

§21D(a)(3)(A)(i) ...........................................................................................1

§21D(a)(3)(B) ...............................................................................................3

§21D(a)(3)(B)(iii)(I) .....................................................................................2

§21D(a)(3)(B)(v)...........................................................................................6

§21D(e)(1) of the 1934 Act ..........................................................................3

15 U.S.C. §78u-4(a)((3)(A) and (B) .............................................................2

15 U.S.C. §78u-4(a)(3)(A)(i)(II)...................................................................1

15 U.S.C. §78u-4(a)(3)(B)(iii) ......................................................................3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ..................................................................2

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ...........................................................3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)............................................................4

15 U.S.C. §78u-4(e)(1) .................................................................................3

**INTRODUCTION**

Movant respectfully submits this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order appointing him as the Lead Plaintiff in this class action, and approving Mr. Gutman's choice of counsel as Lead and Liaison Counsel for the Class.[1]

Mr. Gutman has suffered losses of approximately $69,125.00 from his acquisition of Deer Consumer Products, Inc. ("Deer" or the "Company") common stock. He believes that he has sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the class action. Mr. Gutman will ensure that the litigation is conducted in the best interests of the members of the class and is not subject to any unique defenses that would render him incapable of adequately representing the class. Mr. Gutman understands his responsibilities to the class, and is willing and able to oversee the prosecution of this action.

Therefore, Mr. Gutman respectfully requests that the Court grant his motion to be appointed lead plaintiff, and approve his selection of lead counsel.

---

[1] The federal securities laws specifically authorize class members, regardless of whether they have filed a complaint, to move for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). A copy of Movant's certification setting forth his transactions in the Company's common stock is attached as Exhibit B to the Declaration of Lionel Z. Glancy ("Glancy Decl.") in Support of Edward S. Gutman's Motion To Be Appointed Lead Plaintiff And For The Approval Of Lead Plaintiff's Choice Of Lead Counsel filed herewith.

MEMORANDUM IN SUPPORT OF EDWARD S. GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

1

## I.  FACTUAL BACKGROUND

Deer designs, manufactures and sells small home and kitchen electric appliances worldwide.  Deer's common stock trades on the NASDAQ under the symbol "DEER".  This action alleges claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder during the period from March 31, 2009 to March 21, 2011 (the "Class Period").  Defendants include Deer, Ying He, Yuehua Xia, Zongshu Nie, Edward Hua, Arnold Staloff, Qi Hua Xu, Yongmei Wang, Man Wai James Chiu, and Walter Zhao (the "defendants").

The complaint alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by issuing a series of material misrepresentations during the Class Period thereby artificially inflating the price of Deer securities.  The complaint alleges that the Company's Form 10-Ks for its years ended December 31, 2008, December 31, 2009, and December 31, 2010 and the Form 10-Qs for the quarters ended March 31, 2009, June 30, 2009, September 30, 2009, March 31, 2010, June 30, 2010, September 30, 2010, final prospectus on Form 424B filed December 10, 2009, and the Form 10-K/A, filed on June 18, 2010 and amending the Company's annual report for fiscal year 2009 were all materially false and misleading because the financial statements included in each document did not fairly present the financial condition, results or operations of the Company.   The complaint alleges that defendants made material misstatements and omitted information regarding the related party transactions initiated by the Company's CEO and concerning earnings generated by the Company's operating subsidiaries.  Upon the March 9, 14, and 21 releases of the investigative research by an analyst, Alfred Little, the market learned of the fraud perpetrated by the defendants and as a result, Deer's shares dropped at least 21% , damaging shareholders.

MEMORANDUM IN SUPPORT OF EDWARD S. GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

2

## II.   **PROCEDURAL HISTORY**

Plaintiff James Rose filed this action, the only filed related case, on April 29, 2011, and on April 29, 2011 counsel for plaintiff Rose published a notice of pendency of plaintiff's case over Business Wire. See Glancy Decl. Ex. A. Movant brings the instant motion pursuant to plaintiff Rose's notice of pendency, and files this motion prior to the expiration of the 60-day period from publication of the April 29, 2011, notice.

## III.   **ARGUMENT**

### A.   **The Movant Should Be Appointed Lead Plaintiff**

#### 1.   **The Procedures Required By The PSLRA**

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and their right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## 2.   The Movant Has Complied With The PSLRA

The first complaint filed against defendants was the *Rose v. Deer Consumer Products, Inc., et al.*, 11-cv-03701, which was filed on April 29, 2011.  On April 29, 2011, a notice was published on Business Wire that informed potential class members of the pendency of the action and their right to move to be appointed lead plaintiff and to designate their choice of lead counsel within 60 days.  Exhibit A to Glancy Decl.

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)((3)(A) and (B) expires on June 28, 2011. Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, the Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The Movant signed a certification stating that the Movant reviewed a complaint filed in the Action, and is willing to serve as a representative party on behalf of the Class.  Glancy Decl., Exh. B.  The certification demonstrates that the Movant has suffered losses of approximately $69,125.00 in connection with his

MEMORANDUM IN SUPPORT OF EDWARD S. GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

4

1    purchases of Deer common stock.  The Movant is a motivated shareholder who has

2    expressed his willingness to pursue this litigation and will pursue this matter.     In

3    addition, the Movant has selected and retained experienced and competent counsel

4    to represent him and the Class.  Glancy Decl. Exhs. C and D.

5                    3.       **The Movant Has The Largest Financial Interest**

6                             **In The Action**

7            The PSLRA requires a court to adopt a rebuttable presumption that "the most

8    adequate plaintiff... is the person or group of persons that ... has the largest

9    financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

10   In addition, the Exchange Act §21D(a)(3)(B) provide that the most adequate Lead

11   Plaintiff is presumed to be the "person or group of persons" that, among other

12   things," has the largest financial interest.  The statutory language explicitly provides

13   that a "member or members" of the class or the "person or group of persons" may

14   combine to constitute "the largest financial interest" and thereby jointly serve as the

15   "most adequate plaintiff." *Id.*

16          Here, the certification demonstrates that Movant purchased Deer stock at

17   prices artificially inflated by defendants' false and misleading statements and

18   suffered losses of approximately $69,125.00.[2]  Glancy Decl., Exh. B.  To the best of

19   his knowledge, Mr. Gutman has the largest financial interest in the relief sought by

20   the Class.  Mr. Gutman therefore, is presumptively the most adequate plaintiff

21   pursuant to the PSLRA.    15U.S.C.§78u-4(a)(3)(B)(iii)(I)(bb).    Moreover, the

22   Movant has expressed a desire and willingness to serve as a lead plaintiff in this

---

24   [2]      Pursuant to §21D(e)(1) of the 1934 Act, the damages for Plaintiff holding

25   their shares through the end of the class period are calculated as "the difference
     between the purchase or sale price paid or received and the mean trading price of

26   Deer during the 90 day period beginning on the date o which the information
     correcting the misstatement or omission that is the basis for the action is

27   disseminated to the market." 15 U.S.C. §78u-4(e)(1).  This mean trading price for

28   the 90-day period following March 21, 2011 is estimated at $7.95.

MEMORANDUM IN SUPPORT OF EDWARD S. GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND
FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

5

1   action.  Because Mr. Gutman has suffered approximately $69,125.00.00 in losses,

2   he is presumptively the most-adequate Lead Plaintiff.

3               **4.    The Movant Otherwise Satisfies Rule 23**

4        In addition to possessing the largest financial interest in the outcome of the

5   litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy

6   the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C.

7   §78u-4(a)(3)(B)(iii)(I)(cc).    With respect to the qualifications of the class

8   representative, Rule 23(a) requires that the claims be typical of the claims of the

9   class and that the representative will fairly and adequately protect the interests of the

10  class.  As detailed below, Movant satisfies the typicality and adequacy requirements

11  of Rule 23(a).

12            **(a)  The Claims Of The Movant Are Typical**

13                 **Of The Claims Of The Class**

14        The typicality requirement of Rule 23(a)(3) is satisfied when a named

15  plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a

16  result of the same course of conduct by defendants; and their claims are based on the

17  same legal issues.  *Schlagal v. Learning Tree Int'l.*, No. CV 98-6384 (ABC), 1999

18  U.S. Dist. LEXIS 2157 *8 (C.D. Cal. Feb. 23, 1999) (the typicality requirement is

19  met "if the representatives' claims stem from the same event or course of conduct as

20  other class members' claims and are based on the same legal theory as the absent

21  members"); *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000) (a

22  party satisfies the typicality standard where his claims stem from the same event or

23  course of conduct as other class members' claims and are based on the same legal

24  theory).

25        The questions of law and fact common to the class members here, which

26  predominate over questions that may affect individual claims, include:  (a) whether

27  the federal securities laws were violated by defendants' acts; (b) whether

28  defendants' statements during the Class Period omitted and/or misrepresented

material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of Deer stock was artificially inflated due to the activities complained of; and (e) the extent of damages class members sustained and the appropriate measure of those damages.  Mr. Gutman's claims are typical of the claims of the members of the proposed class.  The Movant, as do all members of the class, assert that certain of the Company's directors and high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about Deer.  Further, the Movant, as did all of the members of the proposed class, acquired Deer stock at prices inflated by defendants' misrepresentations and omissions and was damaged thereby.  The typicality requirement is satisfied here because the claims asserted by the Movant are based on the same legal theory and arise from the same event or practice or course of conduct that gives rise to the claims of the class members, and is based on the same legal theory.  *Slaven*, 190 F.R.D. 649 (C.D. Cal. 2000).

**(b)** **The Movant Will Adequately Represent The Interests Of The Class**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). The interests of Movant are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between Movant and the proposed class members.  As detailed above, the Movant shares substantially similar questions of law and fact with the members of the proposed class, his claims are typical of the members of the class, and he has taken significant steps to advance this litigation.

MEMORANDUM IN SUPPORT OF EDWARD S. GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

7

In addition, Movant has amply demonstrated his adequacy to serve as class representative by signing a certification affirming his willingness to serve as, and assume the responsibilities of class representative. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, the Movant should be appointed Lead Plaintiff in the consolidated action.

### C.   This Court Should Approve
### The Movant's Choice Of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. §21D(a)(3)(B)(v). The Movant selected the law firm of Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") to serve as Lead Counsel and the law firm of Glancy Binkow & Goldberg LLP to serve as Liaison Counsel. These firms have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Glancy Decl., Exhs. C and D.

## IV.   CONCLUSION

For the foregoing reasons, the Movant respectfully requests that the Court: (i) appoint the Movant as Lead Plaintiff in the consolidated action; and (ii) approve Lead Plaintiff's choice of Abbey Spanier Rodd & Abrams, LLP to serve as Lead Counsel and Glancy Binkow & Goldberg LLP to serve as Liaison Counsel.

Dated: June 28, 2011

**GLANCY BINKOW & GOLDBERG LLP**

By: _____
LIONEL Z. GLANCY
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:info@glancylaw.com

MEMORANDUM IN SUPPORT OF EDWARD S. GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

8

1

2   Proposed Liaison Counsel

3   **ABBEY SPANIER RODD**
    **& ABRAMS, LLP**

4   Arthur N. Abbey, Esq.
    Nancy Kaboolian, Esq.

5   James Stephenson Burrell, II, Esq.
    212 East 39th Street

6   New York, New York 10016

7   Telephone:  (212) 889-3700

8   Facsimile:  (212) 684-5191

9   Proposed Lead Counsel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE VIA U.S. MAIL

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On June 28, 2011, I caused to be served the following document:

**MEMORANDUM IN SUPPORT OF EDWARD GUTMAN'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**

On the following parties:

See Attached Service List.

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2011, at Los Angeles, California.

Harry H. Kharadjian

## SERVICE LIST BY MAIL

Deer Consumer Products, Inc.
Area 2, 1/F, Building M-6
Central High-Tech Industrial Park,
Nanshan, Shenzhen
China 518057

*For Defendants Deer
Consumer Products, Inc.,
Ying He, Yuehua Xia,
Zongshu Nie, Edward
Hua, Arnold Staloff, Qi
Hua Xu, Yongmei Wang,
Man Wai James Chiu,
and Walter Zhao*

Laurence M Rosen
ROSEN LAW FIRM PA
333 South Grand Avenue
25th Floor
Los Angeles, CA 90071

*For Plaintiff James Rose*

Arthur N. Abbey, Esq.
Nancy Kaboolian, Esq.
James Stephenson Burrell, II, Esq.
ABBEY SPANIER RODD
     & ABRAMS, LLP
212 East 39th Street
New York, New York 10016

*For Movant Edward S.
Gutman*