UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-03701 DMG (MRWx)** | Date | December 29, 2011 |
| Title | *James Rose v. Deer Consumer Products, Inc., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING PLAINTIFFS' MOTION TO EFFECT SERVICE ON THE INDIVIDUAL DEFENDANTS BY SERVING DEER CONSUMER'S REGISTERED AGENT OR COUNSEL [DOC. # 26]**

     This matter is before the Court on Plaintiffs' motion for leave to effect service on the individual defendants by serving Deer Consumer's registered agent or counsel or, in the alternative, to partially lift the discovery stay under the Private Securities Litigation Reform Act so that Plaintiffs may obtain current information to serve individual defendants with the summons and complaint [Doc. # 26]. The matter was originally set for hearing on December 5, 2011. On December 1, 2011, the Court took the matter under submission because it deemed the appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

     Plaintiffs filed their Motion on October 31, 2011. Defendant Deer Consumer Products, Inc. ("Deer Consumer" and the "Company") filed an opposition on November 14, 2011. Plaintiffs filed a reply on November 21, 2011.

     In their Motion, Plaintiffs seek an order from the Court permitting them to execute service of process on the seven unserved Individual Defendants by serving Defendant Deer Consumer's registered agent in Nevada or counsel.[1]

     Plaintiffs state that the Company, a Chinese company, was incorporated in Nevada and has its principal place of business in Nanshan, Shenzhen, China. According to Plaintiffs, the Individual Defendants are either present or former officers and directors in control of Deer Consumer at all relevant times and each personally signed the Company's reports and registration to the U.S. Securities and Exchange Commission in Form 10-K, 10Q, or Prospectus. (Mot. at 3.) The Individual Defendants reside in and are citizens of the People's Republic of China ("PRC") (Decl. of Yuxia Zhang ¶ 3-4 [Doc. # 27, Ex. 1]), but "cannot be located after

---

[1] The seven Individual Defendants that Plaintiffs identified are: Ying He, Yuehua Xia, Zongshu Nie, Edward Hua, Qi Hua Xu, Yongmei Wang, and Man Wai James Chiu. (Pls.' Mot. at 2 n.1.)

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk yv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-03701 DMG (MRWx) | Date | December 29, 2011 |
| Title | *James Rose v. Deer Consumer Products, Inc., et al.* | Page | 2 of 4 |

diligent endeavor to obtain the defendant's residential addresses and identification numbers in China." (Mot. at 3.)

     Rule 4(f)(3) of the Federal Rules of Civil Procedure permits a plaintiff to serve an individual in a foreign county "by other means not prohibited by international agreement, as the court orders."[2] Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) must be directed by the Court and not prohibited by international agreement. *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002).

     Deer Consumer argues that the PRC is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, and that the method of service that Plaintiffs propose is prohibited by the Hague Convention because Rule 4(f)(3) permits service by means "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). In particular, citing to *See In re LDK Solar Securities Litigation*, No. 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008), Deer Consumer notes that the PRC has objected to Article 10, which permits service "by postal channels" or through judicial officers, officials, or

---

[2] Rule 4(f) provides in full:
    Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served a place not within any judicial district of the United States:

    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
        (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
        (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
        (C) unless prohibited by the foreign country's law, by:
            (i) delivering a copy of the summons and of the complaint to the individual personally; or
            (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
    (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-03701 DMG (MRWx) | Date | December 29, 2011 |
| Title | *James Rose v. Deer Consumer Products, Inc., et al.* | Page | 3 of 4 |

other persons in the state of destination.[3]  *Id.* at *2.  Deer Consumer further argues that service is improper (1) on its registered agent because such service is not permitted under Rule 4(f) or any other federal or California law and (2) on its counsel of record because counsel has not been authorized to accept service on behalf of the Individual Defendants.

      First, while Rule 4(f) permits service pursuant to the requirements of the Hague Convention, Rule 4(f) does not require such service.  *See* Fed. R. Civ. P. 4(f).  Service of process under Rule 4(f)(3) is merely one means among several which enables service of process on an international defendant.  *Rio Properties,* 284 F.3d at 1015.

      Second, as Plaintiffs note in their reply, Deer Consumer's position was addressed and rejected in *LDK Solar Securities,* the principal case on which Deer Consumer relies.  In *LDK Solar Securities,* the court determined that the plaintiff's proposed service of the individual defendants by service on the defendant company's California office did not violate the Hague Convention because there was no service by postal channels.  *Id.* at * 3.  Here, similarly, Plaintiffs propose personal service on Deer Consumer's registered agent, in Nevada, and assume that "such office will transmit the relevant documents to the Individual Defendants, each of which is a director, senior officer of Deer Consumer."  (Mot. at 4.)

      Rule 4(f)(3) permits service by means "as the court orders."  Fed. R. Civ. P. 4(f)(3).  Court-directed service under Rule 4(f)(3) "is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."  *Rio Properties,* 284 F.3d at 1015.  Courts have authorized a variety of alternative means of service, including publication, ordinary mail, mail to the defendant's last known

---

[3] Article 10 of the Hague Convention states as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with—
>
> a)    the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> b)    the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> c)    the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 10, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-03701 DMG (MRWx) | Date | December 29, 2011 |
| Title | *James Rose v. Deer Consumer Products, Inc., et al.* | Page | 4 of 4 |

address, delivery to the defendant's attorney, telex, and email. *Id*. The Ninth Circuit requires only that the court-directed method of service of process "comport with constitutional notions of due process," which requires that the method be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016.

Deer Consumer argues that *Rio Properties* is not applicable to this case because the plaintiff in that case was attempting to serve process on a Costa Rican corporation, and because Costa Rica is not a signatory to the Hague Convention, the court did not address such service requirements. The fact that the PRC is a signatory to the Hague Convention does not change the analysis in this case. Rule 4(f)(3) permits service on an individual in a foreign county "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As discussed *supra,* Plaintiffs' proposed service on Deer Consumer's registered agent is not prohibited by the Hague Convention.

Plaintiffs assert, and Deer Consumer does not dispute, that each of the Individual Defendants is a current or former officer or director of the Company, that the Company is actively participating in this action, and that the Company's counsel of record has had, and continues to have, face-to-face communications with the Individual Defendants. Deer Consumer also fails to present any basis for the Court to find that Plaintiffs' proposed service on Deer Consumer's registered agent for service process is not "reasonably calculated" to provide notice of this action to the Individual Defendants. *Rio Properties,* 284 F.3d at 1016. As such, the Court finds that service of the Individual Defendants by service on Deer consumer's registered agent for service of process comports with constitutional notions of due process and is appropriate under these circumstances.

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion for leave to effect service on the individual defendants by serving Deer Consumer's registered agent.

**IT IS SO ORDERED.**