**SCHEPER KIM & HARRIS LLP**
DIANN H. KIM (State Bar No. 118742)
dkim@scheperkim.com
WILLIAM H. FORMAN (State Bar No. 150477)
wforman@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**Attorneys for Defendants
DEER CONSUMER PRODUCTS, INC., ARNOLD STALOFF and WALTER ZHAO**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES ROSE, ANTOINE DE SEJOURNET, and UNIVERSAL INVEST QUALITY GROWTH INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiffs,<br><br>      v.<br><br>DEER CONSUMER PRODUCTS, INC., YING HE, YUEHUA XIA, ZONGSHU NIE, EDWARD HUA, ARNOLD STALOFF, QI HUA XU, YONGMEI WANG, MAN WAI JAMES CHIU, AND WALTER ZHAO,<br><br>            Defendants. | Case No. CV 11-03701 DMG (MRWx)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING DOCUMENTS, TESTIMONY AND INFORMATION PRODUCED BY DEER**<br><br>Date:<br>Time:<br>Ctrm:   7<br><br>Trial Date:         None Set |

### 1.    PURPOSES AND LIMITATIONS

Having reviewed the parties' Stipulation Regarding [Proposed] Protective Order Governing Documents Produced By Deer Consumer Products, Inc. ("Deer"), and good cause appearing, the Court hereby enters the following Protective Order (the "Order"). Deer has agreed to produce documents that it provided in both (1) the SEC action, *In the Matter of Deer Consumer Products,* HO-

11595 ("SEC Action") and (2) to the NASDAQ request for information ("NASDAQ Request") that relate to the Litigation, so long as those documents relate to alleged misconduct that occurred prior to March 21, 2011 ("Production"). The Parties further agreed no Production will take place until 7 days after the Conclusion (as defined in the Stipulation of Settlement) of the SEC Action and NASDAQ Request. (*See* Stipulation of Settlement, Section M, ¶¶ 1-2, Doc. No. 87 at 31.). This Order governs the Production.

**2.    DEFINITIONS**

2.1    Party: Lead Plaintiffs, Deer, and any of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.2    Non-Party: any natural person, partnership, corporation, association, or other legal entity not identified as a Party at paragraph 2.1.

2.3    Receiving Party: a Party that receives any part of the Production from Deer..

2.4    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or California Civil Code §3426.1.

2.5    Protected Material: all Production produced by Deer that has been designated "CONFIDENTIAL."

2.6    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff). As of the date of this Order, Deer's Counsel is Scheper Kim & Harris, LLP. Should Deer replace Scheper Kim & Harris, LLP, as its counsel, Deer shall promptly provide the name, telephone number, and email address of its new counsel to Lead Plaintiffs.

2.7     House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Outside Counsel:  attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9     Notification Counsel: Counsel to whom notification required to be made by this Order should be addressed. As of the date of this Order, Deer's Notification Counsel is Scheper Kim & Harris, LLP. Should Deer replace Scheper Kim & Harris, LLP, as its Notification Counsel, Deer shall promptly provide the name, telephone number, and email address of its new counsel to Lead Plaintiffs.

2.10    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation.  This definition includes a professional jury or trial consultant retained in connection with this litigation and any participants in a focus group, mock trial or research connected with case preparation.

2.11    Vendor:  a person or entity which provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and its employees and subcontractors.

2.12    Electronic Data:  information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).

### 3. SCOPE AND BREADTH

(a) The protections conferred by this Order cover Protected Material, including (1) any information copied or extracted from Protected Material; (2) any copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order shall not apply to any document or information which: (a) was in the public domain at the time of disclosure or became part of the public domain after its disclosure, not as a result of a violation of this order; or (b) was discovered independently and lawfully by the Receiving Party.

(b) This Order is binding on all Parties to this action, on all Non-Parties who have agreed to be bound by this Order and on all others who have signed the document attached hereto as <u>Exhibit A</u>, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.

### 4. DURATION

Even after final disposition of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until Deer agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction over this action for enforcement of the provisions of this Order following the final disposition of this litigation.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Designation of Confidentiality</u>

(a) All documents and information produced by Deer in response to the SEC Action or NASDAQ Request that also (i) contain sensitive business information and/or confidential research, development (ii) or competitively sensitive current commercial information (iii) or documents or information containing the personal bank account numbers or social security numbers of individuals (iv) or that Deer believes qualifies for protection under Fed. R. Civ. P. 26(c) or California Civil Code §3426.1, may be designated as "CONFIDENTIAL."

(b) Deer shall only designate information as Protected Material if it has a good faith basis to do so.

(c) If it comes to Deer's attention that information or items it designated for protection do not qualify for protection, then Deer shall promptly notify all Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Materials or Information may be designated "CONFIDENTIAL" within the meaning of this Order in the following ways:

(a) Documents: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, documents that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced.

(b) Deer will affix the legend "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, Deer must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

5.3 <u>Inadvertent Failures to Designate.</u>

(a) The inadvertent or unintentional disclosure by Deer of Confidential Information without the appropriate designation at the time of disclosure shall not be deemed a waiver in whole or in part of Deer's claim of confidentiality as to the specific information disclosed. Upon learning of an inadvertent or unintentional disclosure of Confidential Information without the

appropriate designation, Deer shall within fourteen (14) days notify Plaintiff, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation and promptly supply copies of such materials with the appropriate designations.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Deer's right to secure protection under this Order for such material.  Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order

(b)   A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by Deer only in connection with this litigation and only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.

6.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by Deer, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Counsel, including Outside Counsel of Record and House Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A to this Order;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A to this Order;

    (d) the Court, or any other Court exercising jurisdiction with respect to this litigation (including appellate courts), and its personnel;

    (e) court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f) any Party;

    (g) witnesses in this action to whom disclosure is reasonably necessary and who have signed Exhibit A to this Order. Confidential Information or material may be disclosed to a witness who refuses to sign the Exhibit A to this Order, provided that: (i) the disclosure is made for a proper purpose related to this action; (ii) Counsel for the party using the Confidential Information endeavors in good faith to redact or handle the Confidential Information in such a manner as to disclose no more Confidential Information than is reasonably necessary in order to examine the witness; (iii) the witness is not permitted to retain the Confidential Information after the witness is examined regarding the Confidential Information; and (iv) the witness is informed that the Confidential Information is protected by an Order from the Court and by federal and state law, and that misuse, misappropriation or wrongful disclosure of any Confidential Information might subject him or her to the Court's jurisdiction as well as to civil and/or criminal liability. A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Fed. R. Civ. P. 30(e). Witnesses who are shown Confidential Information, who will not sign Exhibit A to

this Order, shall not be allowed to retain copies of the "CONFIDENTIAL" Information or Items in connection with the deponent's transcript review;

      (h)    the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

      (i)    any other person only upon order of the Court or upon prior written consent of Deer.

    6.3    <u>Documents and materials filed with the Court</u>.

      (a)    If any Party wishes to file with the Court a document or information that has been designated Confidential Information by Deer, it must give Deer five calendar days notice of intent to file, and must comply all other procedures set forth in Local Rule 79-5 and other relevant laws.

      (b)    Where an application to file documents under seal has been granted, the Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION and "SUBJECT TO COURT ORDER" and words in substantially the following form:

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court dated _____, shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Section shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which contain Confidential Information

shall be filed under seal.  No Non-Party may have access to any sealed document from the files of the Court without an order of the Court.  The Court's mandatory paper chambers copy of a sealed document shall be in the form specified by the Court's Standing Order, and shall include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal.

    (c) Each document filed under seal may be returned to the Party which filed it (i) if no appeal is taken, within ninety days after a final judgment is rendered, or (ii) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation").  If the Party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document or return the document to counsel for Deer upon request and within two years after termination of the litigation.

    (d) Where an application to file under seal has been denied on the merits, the moving Party may file the document it sought to seal on the Court's public docket.

  6.4 <u>Non-Application of Order</u>.  The restrictions regarding Confidential material shall not apply to documents or information designated Confidential which (a) were, are or become public knowledge, not in violation of this Stipulated Protective Order; or (b) were or are discovered independently by the receiving party.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Information or Items designated as "CONFIDENTIAL" pursuant to this Order, that Party must:

    (a) promptly notify Deer in writing.  Such notification shall include

1 a copy of the subpoena or court order. An email to Deer's Notification Counsel attaching a copy of the subpoena or court order shall satisfy this requirement;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by Deer. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the Party served with the subpoena complies with the processes stated in Sections 7(a) and (b), above. If Deer timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained Deer's permission. Deer shall bear the burden and expense of seeking protection in that court of its material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify Deer, in writing, of the unauthorized disclosures (an email to Deer's Notification Counsel informing it of the disclosure shall satisfy this requirement); (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Exhibit A to this Order.

**9.   PRESERVATION OF RIGHTS**

9.1   <u>Modification</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Information or Item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

9.3   <u>No Waiver</u>.  Entering into, agreeing to, and/or producing or receiving material designated as "CONFIDENTIAL," or otherwise complying with the terms of this Order shall not:

(a)   operate as an admission by any Party or Deer that any particular material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of "CONFIDENTIAL" Information;

(b)   operate as an admission by any Party or Deer that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL";

(c)   prejudice in any way the rights of any Party or Deer to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

(d)   prejudice in any way the rights of any Party or Deer to petition the Court for a further protective order relating to any purportedly confidential information;

(e)   prevent the Parties or Deer from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(f) limit Deer's ability to grant Parties or Non-Parties access to its own documents and/or information; and

(g) be deemed to waive any applicable privilege or work product protection, or to affect the ability of any Party or Deer to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

## 10. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to Deer or, if the Receiving Party's Counsel is so informed, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Deer by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. An affirmation that states that all Protected Material in the Receiving Party's possession except archival copies was destroyed shall satisfy this requirement. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

## 11. TIME PERIODS

All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

1  DATED: January 11, 2013

2  HON. MICHAEL R. WILNER
   UNITED STATES MAGISTRATE JUDGE

DATED: January 10, 2013        THE ROSEN LAW FIRM
                               Laurence M. Rosen


                               By:  /s/ Laurence M. Rosen
                                    Laurence M. Rosen
                                    Attorneys for Plaintiffs and Proposed
                                    Class


DATED: January 10, 2013        SCHEPER KIM & HARRIS LLP
                               DIANN H. KIM
                               WILLIAM H. FORMAN


                               By:  /s/ William H. Forman
                                    William H. Forman
                                    Attorneys for Defendants
                                    DEER CONSUMER PRODUCTS, INC.,
                                    ARNOLD STALOFF and WALTER
                                    ZHAO

# **EXHIBIT A**

I, _____, declare as follows:

1. My business address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order Governing Documents, Testimony and Information Produced by Deer, LLC ("Protective Order") in the action entitled *Rose v. Deer Consumer Products, Inc., et al.* and Related Counterclaims, Cross-claims and Third Party Claims, United States District Court for the Central District of California, Case No. CV 11-03701 DMG (MRWx), (the "Action"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of the Action, any documents or information that I receive in connection with the Action. I will also comply with all provisions of the Protective Order relating to documents and information that are Protected Material. At the conclusion of the Action, I will return or destroy all Protected Material in accordance with the terms of the Protective Order.

4. I hereby consent to be subject to the personal jurisdiction of the United States District Court, Central District of California, with respect to any proceedings relating to the enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of _____, _____ at _____.

_____