JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JAMES ROSE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> DEER CONSUMER PRODUCTS, INC., YING HE, YUEHUA XIA, ZONGSHU NIE, EDWARD HUA, ARNOLD STALOFF, QI HUA XU, YONGMEI WANG, MAN WAI JAMES CHIU, AND WALTER ZHAO, <br><br> Defendants. | No.11-CV-3701 DMG (MRWx) <br><br> <u>CLASS ACTION</u> <br><br> ORDER AND JUDGMENT <br><br> Hearing date: August 9, 2013 <br> Hearing Time: 9:30 a.m. <br> Courtroom: 7- 2nd floor |

On the 9th day of August, 2013, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 21, 2012 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) the Class against (ii) defendants Deer Consumer Products, Inc. ("Deer"), Arnold Staloff, and Walter Zhao (collectively, the "Settling Defendants") and Ying He, Yuehua Xia, Zongshu Nie, Edward Hua, Qi Hua Xu, Yongmei Wang, and Man Wai James Chiu (collectively, the "China-Based Defendants" and together with Settling Defendants, the "Deer Defendants") and (2) whether to approve the proposed Plan

of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Class Members and the Defendants.

3. The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and

1  efficient adjudication of this Litigation.  The Class is being certified for settlement
2  purposes only.
3      4.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil
4  Procedure, the Court hereby certifies as the Class all persons or entities who
5  purchased the publicly-traded common stock of Deer, Inc. from August 13, 2009
6  through and including March 21, 2011, and who were damaged thereby.  Excluded
7  from the Class are:
8      a.    The Deer Defendants, and the members of their immediate
9  families and Defendants' heirs, successors and assigns, any
10  entity in which any Defendant has or had a controlling interest,
11  and Deer Consumer Products, Inc.'s predecessors;
12      b.    Present and former officers and/or directors of Deer;
13      c.    Those persons who excluded themselves by filing timely and
14  valid requests for exclusion in accordance with the Preliminary
15  Approval Order, a list of whom is attached to this Order as
16  Exhibit A.
17      5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead
18  Plaintiffs are certified as the class representatives and the Lead Plaintiffs' Counsel
19  previously selected by Lead Plaintiffs and appointed by the Court is hereby
20  appointed as Lead Counsel for the Class.
21      6.    The Court hereby finds that the forms and methods of notifying the
22  Class of the Settlement and its terms and conditions met the requirements of due
23  process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of
24  the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities
25  Litigation Reform Act of 1995, constituted the best notice practicable under the
26  circumstances, and constituted due and sufficient notice to all persons and entities
27  entitled thereto of these proceedings and the matters set forth herein, including the
28

Settlement and Plan of Allocation, to all persons entitled to such notice.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  To date, no objections have been filed and the claims rate is well above 25%.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Class are bound by this Order and Judgment except those persons listed on Exhibit A to this Order and Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Complaint is hereby dismissed with prejudice against the Deer Defendants, without costs.

9. Lead Plaintiffs and the Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims.  Lead Plaintiffs and the Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties.

10. Each of the Settling Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Settling Defendants' Claims against the Lead Plaintiffs, any of the

1 Class Members and any of their counsel, including Lead Counsel for the Class and
2 any counsel working under Lead Counsel's direction.

3      11.     The Court hereby finds that the proposed Plan of Allocation is a fair
4 and reasonable method to allocate the Net Settlement Fund among Class Members.

5      12.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable
6 law or regulation, any and all claims which are brought by any Person or entity
7 against the Deer Defendants (a) for contribution or indemnification arising out of
8 any Settled Claim, or (b) where the damage to the claimant is measured by
9 reference to the claimant's liability to the Lead Plaintiffs or the Class, are hereby
10 permanently barred and discharged.  Any such claims brought by the Settling
11 Defendants against any Person or entity (other than Persons or entities whose
12 liability to Lead Plaintiffs or the Class is extinguished by this Judgment) are
13 likewise permanently barred and discharged.

14      13.     The Court finds that all parties and their counsel have complied with
15 each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all
16 proceedings herein.

17      14.     Neither this Order and Judgment, the Stipulation, nor any of the
18 negotiations, documents or proceedings connected with them shall be:

19     (a)     referred to or used against the Deer Defendants or against the Lead
20             Plaintiffs or the Class as evidence of wrongdoing by anyone;

21     (b)     construed against the Deer Defendants or against the Lead Plaintiffs
22             or the Class as an admission or concession that the consideration to be
23             given hereunder represents the amount which could be or would have
24             been recovered after trial;

25     (c)     construed as, or received in evidence as, an admission, concession or
26             presumption against the Class or any of them, that any of their claims

                    are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

      (d)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Deer Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

      15.    Exclusive jurisdiction is hereby retained over the Settling Defendants and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

      16.    Without further order of the Court, Settling Defendants, and Lead Plaintiffs, may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

      17.    In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.5-7., M.10-11., and M.13 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

18. In addition, Lead Plaintiffs' Counsel, The Rosen Law Firm, P.A., have petitioned the Court for an award of attorney's fees in compensation for the services provided to Lead Plaintiffs and the Class, and reimbursement of expenses incurred in connection with the prosecution of this action, to be paid out of the Settlement Fund established pursuant to the Settlement.

19. The Settlement has created a fund of $2,125,000 in cash, plus interest to be earned thereon, and Class Members who file timely and valid claims will benefit from the Settlement created by Lead Plaintiffs' Counsel. Over 27,000 copies of the Notice were disseminated to putative Class Members informing them of the August 9, 2013 final approval hearing and that Lead Plaintiffs' counsel intended to seek a fee of up to 25% of the Settlement Fund in attorney's fees and reimbursement of litigation expenses in an amount not to exceed $75,000. The Summary Notice published in *Investor's Business Daily* also informed putative Class Members of the potential attorney's fee award. As of the date of this order, no objections were filed against either the terms of the Settlement or the request for fees and expenses.

20. Lead Plaintiffs' Counsel have devoted over 1385.75 hours of professional time to the prosecution of this action, with a lodestar value of $300,759, to achieve the settlement. The hourly rates charged by class counsel are reasonable when compared to the prevailing rate charged by attorneys of similar skill and experience in this community, and the amount of hours spent on the litigation is reasonable in light of all the circumstances. The amount requested is 1.76 times the lodestar amount.

21. The Court has reviewed the fee application and the supporting materials filed therewith, and hereby grants the motion as follows:

(a) Class Counsel are awarded $531,250 as attorneys' fees in this Action, or 25% of the Gross Settlement Fund.

1    (b)    The expenses of Class Counsel shall be reimbursed out of the Settlement Fund in the amount of $61,102.49.

(c)    Except as otherwise provided herein, the attorneys' fees, and reimbursement of expenses shall be paid in the manner and procedure provided for in the Stipulation of Settlement, dated December 21, 2012.

(d)    Lead Plaintiff Antoine de Sejournet is awarded $10,000 in total for an incentive fee award and reimbursement for his lost time in connection with the prosecution of this action.

DATED:    August 9, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**James Rose v. Deer Consumer Products, Inc.,** *et al.*
2:11-cv-03701 DMG (MRWx)


As of July 26, 2013, the following individuals requested exclusion, and hereby are excluded, from the Settlement Class in this action:

Sadie E. LaBerge

Steven J. Bocker

Jay M. Wise

(*See* Decl. of Matthew Shillady ¶ 3, Ex. A [Doc. # 104-2].)