Laurence M. Rosen (SBN 219683)
THE ROSEN LAW FIRM P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com

Lead Counsel for Lead Plaintiff and the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROSE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>DEER CONSUMER PRODUCTS, INC., YING HE, YUEHUA XIA, ZONGSHU NIE, EDWARD HUA, ARNOLD STALOFF, QI HUA XU, YONGMEI WANG, MAN WAI JAMES CHIU, AND WALTER ZHAO<br><br>Defendants. | Case No.11-CV-3701-DMG (MRWx)<br><br>LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>CLASS ACTION<br><br>Hearing Date: August 29, 2014<br>Hearing Time: 9:30 A.M.<br>Hon. Dolly M. Gee |

PLEASE TAKE NOTICE that on August 29, 2014 at 9:30 a.m. the undersigned counsel for court-appointed Lead Plaintiff Antoine de Sejournet (the "Plaintiff") shall move, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, before the Honorable Dolly M. Gee, United States District Judge for the Central District of California, Spring Street U.S. Courthouse, 312 North Spring Street, Los Angeles, CA 90012, for entry of an Order: (a) approving the administrative determinations of Strategic Claim Services ("SCS"), accepting and rejecting claims submitted as recommended herein and in the Affidavit of Paul Mulholland Concerning The Results of the Claims Administration Process ("Mulholland Affidavit"); (b) directing payment of administrative costs and fees incurred and to be incurred in connection with services performed and to be performed with respect to administration of the Settlement Fund; and (c) directing distribution of the Net Settlement Fund, after deduction of payments requested herein, to Authorized Claimants. This motion is based upon the accompanying Memorandum of Points and Authorities and the Declaration of Laurence Rosen in support thereof, all other pleadings and matters of record, and such additional evidence or argument as may be requested by the Court.

DATED: July 23, 2014

Respectfully submitted,

**THE ROSEN LAW FIRM P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
THE ROSEN LAW FIRM P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Plaintiff's Counsel*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION[1]

This action commenced on April 29, 2011 as a putative class action on behalf of all persons and entities other than Defendants who purchased the common stock of Deer Consumer Products, Inc. ("Deer" or the "Company") common stock between August 13, 2009 through March 21, 2011, inclusive (the "Class Period"), inclusive, for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Following the filing of the Stipulation, Plaintiff's motions for preliminary and final approval of settlement (Docket Nos. 85, 87, 98), and the issuance of the Court's Order and Final Judgment (Docket No. 107; the "Order and Judgment") on August 9, 2013, this action has been partially settled pursuant to the terms of the Stipulation. The Settlement, in consideration for the Class' Released Claims, provides $2.125 million for the benefit of the Class to be paid exclusively by the Settling Defendants. *See* Stipulation, ¶ C.1.

In its Order and Judgment, the Court approved Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses (Docket No. 99), which provided for an award of $531,250 in attorneys' fees to Lead Plaintiff's Counsel, The Rosen Law Firm, P.A. ("Plaintiff's Counsel"), reimbursement of expenses in the amount of $61,102.49, and an award to in the amount of $10,000 to Lead Plaintiff Antoine de Sejournet – all to be paid from the Settlement Fund.

Pursuant to the Stipulation and the Court's Order Preliminary Approving Settlement and Providing for Notice dated March 22, 2013 (Docket No. 97, the "Prelim. App. Order"), $100,000 of the Gross Settlement Fund was used to cover

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation of Settlement filed on December 21, 2012 ("Stipulation") (Docket No. 87).

Notice and Administration Expenses. *See* Stipulation ¶ C.5; Prelim. App. Order, ¶ 12.

Plaintiff's Counsel has been advised by the court-appointed claims administrator, SCS, that it has completed all analyses and accounting procedures in connection with the proofs of claim (the "Claims") submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants as defined by the Stipulation. *See* Mulholland Affidavit ¶¶ 4-9; Stipulation ¶¶ D.1-D.15.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund[2] to the Authorized Claimants. In addition, Plaintiff's Counsel requests that the Court authorize payment of reasonable unpaid fees and expenses incurred by SCS in the administration of the Settlement Fund.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Court's Prelim. App. Order, all claims were to be submitted to the Claims Administrator postmarked no later than June 5, 2013. Prelim. App. Order ¶ 18(a). The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. Mulholland Affidavit ¶¶ 5-6.

SCS initially identified 169 inadequately documented claims. Mulholland Affidavit ¶ 5.b. When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency. *Id.* Of the 169 claims initially identified as deficient, 107 have been successfully cured and are now valid. *Id.* The remaining 62 claimants either did not respond to the deficiency notice, or responded with

[2] Defined as the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes; (iv) any Award to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court ¶ A.15.

insufficient documentation. *Id*. These claimants were sent second rejection notices explaining the reason(s) for their rejection. To date, none of these remaining rejected claimants have objected to or contested SCS's determination. *Id*. In addition, SCS identified 6,103 claimants that it has recommended for complete rejection. Mulholland Affidavit ¶ 5.c. Such claimants were sent rejection notices advising them of SCS's determination, and to date, none of these claimants have objected to or contested their rejection. *Id*. There are presently no disputed rejected claims. *Id*.

Of the 6,103 claims SCS recommended for complete rejection, five of them were deemed potentially fraudulent. Mulholland Affidavit ¶ 6. The determination of the fraudulent claims was based on SCS's initial review and quality assurance process, as well as discrepancies Citigroup found between these five claim forms and Citigroup's own records for the corresponding accounts. *Id*. A rejection notice and a copy of a letter by Citigroup detailing the discrepancies was mailed and emailed to the claimants for these claims on June 24, 2014, which indicated the claims would be denied unless the account holders providence evidence of the trades on or before July 9, 2014. *Id*. To date, none of these claimants have provided a response. *Id*. Plaintiff respectfully requests that the Court approve the Claim Administrator's recommendation to disallow the ineligible and deficient claims set forth in Exhibits D, E, and G to the Mulholland Affidavit.

**B. Untimely but Otherwise Valid Claims**

The Stipulation indicates that: "All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Plaintiff's Counsel in its

discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation. Provided that it is received before the motion for the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator." Stipulation ¶ D.4.

Of the 815 properly documented valid claims, 52 were submitted after the Court-approved June 5, 2013 deadline and on or before June 19, 2014.[3] Mulholland Affidavit ¶ 5.a. The untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund, or otherwise prejudiced any Authorized Claimant or Defendant. *See Dahingo v. Royal Caribbean Cruises Ltd.*, 312 F.Supp.2d 440, 446 (S.D.N.Y. 2004), *citing In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (allowing previously opted-out claims since settlement agreement established a fixed fund, and timely claims having "no justifiable expectation in any particular pay-out"); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

Plaintiff respectfully requests that the Court approve the 52 untimely, but otherwise valid claims as listed in Exhibit B-2 of the Mulholland Affidavit.

---

[3] SCS received 84 late claims after June 19, 2014, which have not been processed due to extreme lateness for their inclusion would have delayed the finalization of the administration. Mulholland Affidavit ¶ 4, fn. 1.

## III. FINAL REQUEST FOR EXPENSES

### A. All Attorneys' Fees Have Previously Been Awarded by the Court

This motion does not request any award of attorneys' fees. All attorneys' fees for Plaintiff's Counsel have previously been awarded by the Court. *See* Order and Judgment, at ¶¶ 18-21. In addition, this motion does not request an award of expenses, except, as discussed infra, for the remaining unpaid final fees and expenses (including the remaining cost incurred in giving Notice to the Settlement Class Members) of the Claims Administrator relating to processing claims and distributing the Net Settlement Fund.

### B. Claims Administrator Fees and Expenses

SCS has now processed all claims and determined its fees and expenses for processing and distributing the Net Settlement Fund. *See* Mulholland Affidavit ¶ 4. The total amount of SCS' unpaid fees and expenses, which include, without limitation, managing Notice of Claim Forms, publishing Summary Notice, reviewing and analyzing claims, calculating the aggregate Recognized Losses for ultimate distribution of the Net Settlement Fund, preparing income tax returns for the Settlement Fund, and distributing the Net Settlement Fund to Authorized Claimants, is $123,986.83. Of that amount $100,000 has been paid. Therefore, SCS' unpaid fees and expenses amount to $23,986.83. Mulholland Affidavit ¶ 8.

Plaintiff respectfully requests that the Court approve payment of the remaining unpaid reasonable fees and expenses of the Claims Administrator in the amount of $23,986.83.

## IV. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Plaintiff's Counsel, in accordance with the

Stipulation and Plan of Allocation, or such further orders of the Court as may be necessary, or as circumstances may require. *See* Stipulation ¶¶ D.1-D.15.

## V. POTENTIAL FUTURE DISTRIBUTION OF ADDITIONAL FUNDS AND DONATION OF REMAINING FUNDS

If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall redistributed and any remaining funds six months after such redistribution shall be contributed to the Legal Aid Foundation of Los Angeles. *See* Stipulation ¶ D.14.

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court decide the within motion on the papers, and approve and enter the Proposed Order submitted herewith.

DATED: July 23, 2014

Respectfully submitted,

**THE ROSEN LAW FIRM P.A.**

/s/ Laurence M. Rosen

Laurence M. Rosen (SBN 219683)
THE ROSEN LAW FIRM P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Plaintiff's Counsel*

## CERTIFICATE OF SERVICE

I, Laurence Rosen, hereby declare under penalty of perjury as follows:

I am attorney with the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA, 90071. I am over the age of eighteen.

On July 23, 2014, I caused the electronic filing of the following **LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on July 23, 2014

/s/ Laurence Rosen